**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE DAVELON LOVE,<br>Booking #26110848,<br>Plaintiff,<br>vs.<br>NAVY FEDERAL BANK,<br>Defendant. | Case No.: 3:26-cv-3989-WQH-GC<br>**ORDER** |

Plaintiff Andrew Davelon Love ("Plaintiff"), currently detained at San Diego Central Jail and proceeding *pro se*, has filed this civil rights Complaint. ECF No. 1. Because Plaintiff raised the same claims against Navy Federal Bank ("Defendant") in a prior civil rights action in S.D. Cal. Civil Case No. 3:26-cv-3053-DMS-DEB, the Court dismisses this case as duplicative and frivolous.

## I. SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing

fees or moves to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(a), (b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he previously filed and is currently litigating in this Court. *See Love v. Navy Federal Bank*, S.D. Cal. Civil Case No. 3:26-cv-3053-DMS-DEB *("Love I")*. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Plaintiff filed his complaint in *Love I* on May 18, 2026. *See Love I*, ECF No. 1 at 1. In the *Love I* complaint, Plaintiff claims he was the victim of two incidents of "robbery" of funds from his Navy Federal account. *See id.* at 3–4. Plaintiff also filed an IFP motion in *Love I*, ECF No. 2. On June 15, 2026, the Court in *Love I* denied the IFP motion and dismissed the case without prejudice because Plaintiff did not provide a signed copy of his trust account statement. *See Love I*, ECF No. 3 at 2. Love then filed a second IFP motion in that case on July 8, 2026, *id.*, ECF No. 4, and on July 31, 2026, the Court denied the renewed IFP motion, after finding Plaintiff had sufficient funds to pay the filing fee. *See id.*, ECF No. 5. The Court gave Love an opportunity to have his case reopened by paying the full $405 filing fee. *See id*.

Meanwhile, on July 9, 2026, Plaintiff initiated the instant civil action, *Love v. Navy Federal Bank*, S.D. Cal. Civil Case No. 3:26-cv-3989-WQH-GC ("*Love II*"). In *Love II*, Plaintiff also alleges two incidents of "robbery" from his Navy Federal Bank account. *Love II*, ECF No. 1 at 3–7.

As pleaded, the Court finds Plaintiff's claims in the instant case, *Love II*, are duplicative of the claims alleged in *Love I*. The two cases contain the same general allegations and are filed by the same plaintiff against the same defendant. *Compare Love I*, Case No. 3:26-cv-3053-DMS-DEB, ECF No. 1, *with Love II*, Case No. 3:26-cv-3989-WQH-GC, ECF No. 1. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Thus, the Court finds the instant action duplicative of *Love v. Navy Federal Bank*, S.D. Cal. Civil Case No. 3:26-cv-3053-DMS-DEB. As such, dismissal of this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Accordingly, because the Court finds this case, *Love II*, Case No. 3:26-cv-3989-WQH-GC to be duplicative of *Love I*, it is dismissed as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

## II. CONCLUSION AND ORDER

Good cause appearing, the Court:

(1) **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

(2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to

28 U.S.C. § 1915(a)(3).

(3) **DIRECTS** the Clerk of Court to enter a judgment of dismissal in S.D. Cal. Civil Case No. 3:26-cv-3989-WQH-GC and to close the file.

**IT IS SO ORDERED**.

Dated: 9/16/26

William Q. Hayes

Hon. William Q. Hayes
United States District Court